UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GEORGE P. LUNNEY, JR.,<br><br>                         Plaintiff,<br><br>         -against-<br><br>THE CITY OF NEW YORK; EMILY<br>CHASE, Assistant Commissioner of Public<br>Programs for the N.Y.C. Department of Parks,<br><br>                   Defendants. | 22-CV-7668 (LTS)<br><br>ORDER TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that

defendants violated his rights under the First and Fourteenth Amendments to the United States

Constitution. By order dated September 23, 2022, the Court granted Plaintiff's request to proceed

*in forma pauperis*, that is, without prepayment of fees. For the reasons set forth below, the Court

grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint,

that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B);

*see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must

also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised.

*See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff George Lunney, Jr. alleges the following facts. On June 10, 2019, Plaintiff called various officials at the New York City Department of Parks and Recreation (Parks Department) to report that the American flag on the flagpole at Williamsburg Oval Park in Bronx County, New York, was tattered and recommend that it be replaced. (ECF 1 at 2, ¶ 1.) Plaintiff was eventually given the phone number for employee Karen Pedrosa. When Plaintiff spoke to her, she said, "People have too much time on their hands. All they do is complain," and she hung up the phone. (*Id.*). Plaintiff then called back and left a voicemail "chastising" Ms. Pedrosa for her

"rude and unprofessional manner," and he made several calls to other officials in efforts to lodge a formal complaint against Ms. Pedrosa. (*Id.* at ¶ 2.)

On June 15, 2019, Plaintiff received a letter from Paul Fontana of the Parks Department that "falsely accused" him of using "racist, vulgar, and profane language" in numerous phone calls with staff and of numerous incidents of misconduct inside the Williamsbridge Oval Recreation Center. (*Id.* at ¶ 3.) Fontana wrote that Plaintiff would not be permitted to use a Parks Department recreation center or renew his membership.[1] Plaintiff states that, at the time, he was not a member of the Williamsbridge Oval Recreation Center. (*Id.* at ¶ 2.) Plaintiff was told that if he wished to appeal this determination, he could reach out to Emily Chase, the Assistant Commissioner of Public Programs at the Parks Department. On an unspecified date, Plaintiff appealed.

Plaintiff also called Paul Fontana "in an attempt to discuss and resolve the problems." (*Id.* at 2, ¶ 4.) Plaintiff learned from Mr. Fontana that Ms. Pedrosa had filed a criminal complaint against him with the New York City Police Department.[2]

Plaintiff spoke with Sarah Bishow-Semevolos and other employees of the Williamsbridge Oval Recreation Center. They confirmed that Plaintiff had not engaged in misconduct in the recreation center, and Ms. Bishow-Semevolos indicated that she would send an email to Mr. Fontana to inform him that there had not been any instances where Plaintiff engaged in misconduct inside the Williamsbridge Oval Recreation Center.

---

[1] Plaintiff does not attach Fontana's letter, and it is unclear whether he was denied use of all recreation centers or only the Williamsbridge Oval Recreation Center.

[2] A few days after Plaintiff received Fontana's letter, an investigator from the New York City Department of Investigation called Plaintiff regarding his June 10, 2019 complaint against Ms. Pedrosa; Plaintiff assured them that he wished to pursue his complaint against her.

By letter dated October 9, 2019, Assistant Commissioner Chase acknowledged that erroneous statements had been made about Plaintiff's alleged misconduct inside the Williamsbridge Oval Recreation Center, but she rejected his appeal of the decision. Plaintiff then pursued an Article 78 petition, and, according to Plaintiff, Justice Edwards of the Supreme Court of the State of New York, New York County, remanded the matter back to Assistant Commissioner Chase for reconsideration. On August 3, 2022, Plaintiff renewed his request to Assistant Commissioner Chase for reconsideration. Plaintiff does not indicate whether he received a final decision from Assistant Commissioner Chase before he filed this complaint in September 2022.

Plaintiff sues the City of New York and Assistant Commissioner Chase. He contends that he has been denied access to Parks Department recreation centers in violation of his rights under the First and Fourteenth Amendments. He seeks $1 million in damages and access to all New York City Parks Department recreation centers.

## DISCUSSION

### A.    First Amendment

To state a First Amendment retaliation claim, a private citizen must allege that "(1) he has an interest protected by the First Amendment; (2) defendants' actions were motivated or substantially caused by his exercise of that right; and (3) defendants' actions effectively chilled the exercise of his First Amendment right." *Curley v. Vill. of Suffern*, 268 F.3d 65, 73 (2d Cir. 2001); *see Williams v. Town of Greenburgh*, 535 F.3d 71, 76 (2d Cir. 2008) ("Regardless of the factual context, [courts] have required a plaintiff alleging retaliation to establish speech protected by the First Amendment.").

The Second Circuit has explained the following regarding speech that is protected:

> There are certain well-defined and narrowly limited classes of speech, the prevention and punishment of which have never been thought to raise any Constitutional problem. These include the lewd and obscene, the profane, the libelous, and the insulting or "fighting" words—those which by their very utterance inflict injury or tend to incite an immediate breach of the peace. It has been well observed that such utterances are no essential part of any exposition of ideas, and are of such slight social value as a step to truth that any benefit that may be derived from them is clearly outweighed by the social interest in order and morality. Resort to epithets or personal abuse is not in any proper sense communication of information or opinion safeguarded by the Constitution, and its punishment as a criminal act would raise no question under that instrument.

*Williams*, 535 F.3d at 77 (citing *Chaplinsky v. Hampshire*, 315 U.S. 568, 571-72 (1942)). The Second Circuit concluded in *Williams* that, although the plaintiff's statement – which compared the manager of a recreational center to a "junior Mussolini" who was engaged in "intimidation tactics" – qualified as "personal abuse," it was protected speech. The Circuit reasoned that this speech did not rise to the level of "so-called 'fighting words,' those personally abusive epithets which, when addressed to the ordinary citizen, are, as a matter of common knowledge, inherently likely to provoke violent reaction." *Id.* (citing *Cohen v. California*, 403 U.S. 15, 20 (1971)); *see also Deferio v. City of Syracuse*, 306 F. Supp. 3d 492, 507 (N.D.N.Y. 2018) (calling a woman a "homofascist," did not qualify as fighting words and was protected speech), *aff'd*, 770 F. App'x 587 (2d Cir. 2019).

Here, Plaintiff alleges that he was retaliated against in violation of his right to freedom of speech, but he does not plead facts about the precise content of his statements that allegedly prompted the retaliation. He alleges that he was accused, falsely, of using "racist, vulgar, and profane language" (ECF 1 at 2, ¶3), and that Parks Department employee Pedrosa filed a criminal complaint against him, apparently based on his statements. Plaintiff's allegations, which do not include any specific facts about what he said, are insufficient to plead that he engaged in

protected speech, for which he suffered retaliation. He thus fails to state a claim for a violation of his rights under the First Amendment.

**B.     Equal Protection**

Plaintiff invokes the Equal Protection Clause of the Fourteenth Amendment, but he does not argue that he was discriminated against based on some protected characteristic, such as his race, religion, or sex. He therefore appears to pursue a "class of one" equal protection claim. The class-of-one theory permits a plaintiff, who is not in a protected class, to state a cognizable claim if he establishes that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Analytical Diag. Labs, Inc. v. Kusel*, 626 F.3d 135, 140 (2d Cir. 2010) (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)); *Holmes v. Haugen*, 356 F. App'x 507, 509 (2d Cir. 2009) (summary order). The Second Circuit has clarified that, to prevail on a class-of-one equal protection claim, a plaintiff must establish that he and a comparator are "*prima facie* identical" by showing that:

> (i) no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and (ii) the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendant acted on the basis of a mistake.

*Hu* v. *City of New York*, 927 F.3d 81, 92 (2d Cir. 2019) (quoting *Neilson v. D'Angelis*, 409 F.3d 100, 105 (2d Cir. 2005)).

Plaintiff fails to identify any comparator who is similarly situated, or to allege that he was intentionally treated differently from such comparator without a rational basis. Plaintiff thus fails to state a claim on a class-of-one theory for a violation of the Equal Protection Clause.

**C.     Due Process**

The two threshold questions in any Section 1983 claim for denial of procedural due process are "whether the plaintiff possessed a liberty or property interest protected by the United

States Constitution or federal statutes and, if so, what process was due before plaintiff could be deprived of that interest." *Green v. Bauvi*, 46 F.3d 189, 194 (2d Cir. 1995); *Bryant v. New York State Educ. Dep't*, 692 F.3d 202, 218 (2d Cir. 2012) ("A procedural due process claim is composed of two elements: (1) the existence of a property or liberty interest . . . and (2) deprivation of that interest without due process.").

Turning to the first inquiry, the Court considers whether Plaintiff has a protected property interest in using, or being a member of, the Williamsbridge Oval Recreation Center. The Supreme Court has held that:

> to have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it. . . . Property interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law — rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.

*Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972).

"[W]hen the statutory scheme in question mandates award of the benefit upon satisfaction of specified criteria, an applicant has a limited but sufficient interest in the receipt of that benefit to 'warrant some measure of due process protection' in demonstrating his eligibility." *Kapps v. Wing*, 404 F.3d 105, 113 (2d Cir. 2005). Moreover, "applicants for benefits, no less than current benefits recipients, may possess a property interest in the receipt of benefits." *Id.* at 115.

In his complaint, Plaintiff asks to be "granted access to all NYC Parks Department recreation centers." (ECF 1 at 3.)[3] He alleges that he "was not even a member" of the

---

[3] The Rules of the City of New York governing recreation centers operated by the New York City Department of Parks provide: "No person shall use any recreation center and/or participate in activities requiring the payment of a session fee as defined in this section unless such person has paid the applicable annual membership fee set forth in subdivision (c) of this section in addition to any applicable session fees." 56 RCNY § 2-14.

Williamsbridge Oval Recreation Center when he was informed by letter that he could not use the facilities or renew his membership. (*Id.* at 2, ¶ 3.) He does not plead any facts about the outcome of his motion for reconsideration of the decision barring him from seeking membership. He also does not allege whether he has applied for or paid for membership at the Williamsbridge Oval Recreation Center or any other recreation center.

Courts considering whether individuals suspended from using similar city services have a protected property interest in those services have generally concluded that they do not. *See, e.g., Glassman v. Stern*, No. 98-CV-5142 (JGK), 1998 WL 556034, at *10–11 (S.D.N.Y. Sept. 1, 1998) ("The plaintiff points to nothing in the regulations or any other provision of law which provides an entitlement to play tennis at a specific facility or to use her Seasonal Permit at a facility from which she is suspended."); *Brown v. Michigan City, IN*, No. 3:02-CV-572 RM, 2005 WL 2281502, at *5 (N.D. Ind. Sept. 19, 2005) (holding that plaintiff had no "constitutionally protected property interest in a parking pass or his ability to enter public parks in Michigan City"), *aff'd sub nom. Brown v. City of Michigan City, Indiana*, 462 F.3d 720 (7th Cir. 2006). Plaintiff's complaint, which does not allege that he was a member of, or applicant for admission to, the Williamsbridge Oval Recreation Center, has not pleaded facts showing that he has a protected property interest in such membership.[4]

Moreover, even if Plaintiff had a protected property interest, he has not sufficiently alleged that the process that he received was inadequate. "[D]ue process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S.

---

[4] Plaintiff has also not alleged any facts suggesting a stigma-plus claim implicating a liberty interest, such as facts suggesting that the government made any false stigmatizing information public. *See, e.g.*, *Vega v. Lantz*, 596 F.3d 77, 81-82 (2d Cir. 2010) (noting that "wrongly classifying an inmate as a sex offender may have a stigmatizing effect which implicates a constitutional liberty interest").

471, 481 (1972)). Due process does not, in all cases, require a hearing before the state *interferes* with a protected interest, so long as "some form of hearing is [provided] before an individual is finally deprived of [the] property interest." *Brody v. Vill. of Port Chester*, 434 F.3d 121, 134 (2d Cir. 2005) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)). "*Mathews* is the test for both when a hearing is required (*i.e.*, pre- or post-deprivation) and what kind of procedure is due . . . ." *Id.* at 135. The *Mathews* test requires courts to consider the plaintiff's private interest, the risk of erroneous deprivation, and the government's interest. *Id.*

Here, Plaintiff makes no allegation that he ever used the Williamsbridge Oval Recreation Center before he was barred from doing so, and he specifically alleges that he was not a member of the Williamsbridge Oval Recreation Center; as such, the complaint does not show that he had a strong private interest in being afforded process before being deprived of access to the Williamsbridge Oval Recreation Center. The risk of harm from erroneously depriving Plaintiff of use of the Williamsbridge Oval Recreation Center is also not strong and is mitigated by the availability of post-bar process. Finally, based on the allegations of the complaint, the government's interest in protecting Parks Department staff and the public from the risk of disruptive behavior appears at this stage to be greater than Plaintiff's interest in a pre-bar hearing. Thus, even if the Court assumes that Plaintiff had a protected property interest in membership in the Williamsbridge Oval Recreation Center, he was afforded multiple levels of procedural protection before a final decision was made about his eligibility to apply for membership, and the allegations do not suggest that he was entitled to additional pre-deprivation process.[5] Because the facts alleged suggest that Plaintiff did not have a protected property

_____

[5] Plaintiff appealed the original administrative decision to the Assistant Commissioner and sought review of that decision in an Article 78 proceeding. The matter was remanded to the

interest and, in any event, was afforded the process that he was due, the complaint fails to state a claim for the denial of procedural due process.

### D.    Claims against City of New York

When a plaintiff sues a municipality under § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011).

In other words, to state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted). Having failed to allege facts showing that his constitutional rights were violated, Plaintiff does not state a claim against the City of New York. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (absent an underlying constitutional violation, there can be no municipal liability under *Monell*).

---

Commissioner for reconsideration, which Plaintiff sought. He does not allege any facts about the outcome of the reconsideration proceedings.

**LEAVE TO AMEND**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

Plaintiff is granted leave to amend his complaint to provide more facts about his claims under the standards set forth above, such as the statements for which he allegedly suffered retaliation in violation of the First Amendment, or the factual basis for his equal protection or due process claims. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a)  the names and titles of all relevant people;

b)  a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c)  a description of the injuries Plaintiff suffered; and

d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights; and how, when, and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-7668 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

Dated:   December 19, 2022
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____

(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                              (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                          (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                    Middle Initial        Last Name

_____

Street Address

_____

County, City                              State                  Zip Code

_____

Telephone Number                         Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                         Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                    Zip Code

Defendant 2:

First Name                         Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                    Zip Code

Defendant 3:

First Name                         Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                    Zip Code

Defendant 4:

_____
First Name                          Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                        State              Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

Dated

Plaintiff's Signature

First Name                Middle Initial          Last Name

Street Address

County, City                    State                    Zip Code

Telephone Number                          Email Address (if available)

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

# <u>Notice For</u>
# <u>Pro Se Litigants</u>



**As a public health precaution, the New York Legal Assistance Group's Legal Clinic for Pro Se Litigants has temporarily suspended all in-person client meetings as of Tuesday, March 17, 2020.**

**Limited scope legal assistance will continue to be provided, but only by appointment and only over the phone. During this time, we cannot assist walk-in visitors to the clinic.**

**If you need the assistance of the clinic, please call <u>212-659-6190</u> and leave a message, including your telephone number, and someone will get back to you as soon as possible. If you do not leave a message with your telephone number, we cannot call you back.**

**Please be patient because our responses to your messages may be delayed while we transition to phone appointments.**

